IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL ANTHONY ZIROLI )
) No. 17-171
)
v.

COMMISSIONER OF SOCIAL
SECURITY

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for social security disability benefits, and a protective application for supplemental social security income. Plaintiff's application involved alleged disability due to mental and physical impairments, including obesity and anxiety. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

### A. Medical Opinion

Plaintiff challenges the ALJ's approach to counselor Patrick Damond and state agency

2

examiner Michelle Santilli, Psy. D.  When considering medical opinion, "the ALJ retains significant discretion in deciding whom to credit." Czyzewski v. Comm'r of Soc. Sec., No. 14-7255, 2015 U.S. Dist. LEXIS 80369, at *15 (D.N.J. June 22, 2015).  Thus, an ALJ is entitled to weigh conflicting findings and choose one over the other, as long as there is a "reasoned basis" for doing so.  Hall v. Astrue, No. 10-379, 2012 U.S. Dist. LEXIS 5674, at *59 (D. Del. Jan. 18, 2012).

First, Plaintiff asserts that the ALJ erred in his evaluation of treating source Patrick Damond, who the ALJ noted was a "licensed professional counselor."  A treating therapist's opinion is not entitled to controlling weight as an acceptable medical source. See Verrett-Briley v. Berryhill, No. 17-2196, 2018 U.S. Dist. LEXIS 3895, at *14 (C.D. Cal. Jan. 9, 2018).  No matter, the ALJ discounted Mr. Damond's opinion for several stated reasons:  the appearance that the letter was solicited by counsel for litigation purposes; the fact that there are treatment records for only two months in 2015, despite Mr. Damond's representation that he had been treating claimaint twice a week for two years; and because Mr. Damond's statements were contradicted by Dr. Scrimenti's treatment records.  The ALJ adequately explained his reasoning, and was entitled to assign Mr. Damond's opinion little weight on these grounds.  I find no error.

Next, Plaintiff argues that the ALJ erred in his consideration of the opinion of the state agency examiner, Michelle R. Santilli, Psy. D.  Essentially, Plaintiff contends that the lack of more than a one-time examination, along with Dr. Santilli's lack of specialization and the fact that she didn't review records after March, 2014, mandate against affording weight to her opinion.  The ALJ assessed Dr. Santilli's opinion along with the evidence of record, and determined that it merited significant weight as consistent with the record.  Plaintiff points to weaknesses in Dr Santilli's opinion, such as the fact that she provides little supporting

explanation. Nonetheless, the ALJ was entitled to consider that opinion along with the overall record, and did so appropriately. I reject Plaintiff's contention.

### B. Residual Functional Capacity ("RFC")

Plaintiff argues that the ALJ's medium duty RFC resulted from "cherry picking" the evidence. In particular, he states that the ALJ pointed to isolated instances of his activities and interactions, to support the RFC. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 CFR § 404.1567(c). It is unclear why Plaintiff believes that his activities and interactions relate to the finding that he can perform medium work. Plaintiff appears, instead, to take issue with the ALJ's assumption that he is able to maintain regular attendance, in part because Plaintiff testified that he could not do so. It is apparent that the ALJ, in arriving at the RFC, did not rely solely on isolated instances of Plaintiff's activities and interactions. Instead, the ALJ conducted a thorough review of the entire record. This included an assessment of Plaintiff's credibility, which Plaintiff does not now challenge. Moreover, contrary to Plaintiff's suggestion, the ALJ did not ignore the October, 2015 progress note from Safe Harbor regarding Plaintiff's increased anxiety when he leaves the house; the ALJ recounted that note in his decision. I find no error in this regard.

## CONCLUSION

In conclusion, the ALJ's decision in this matter was supported by substantial evidence. An appropriate Order follows.

BY THE COURT:

/s/ Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: May 11, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ANTHONY ZAROLI | ) |
| | ) No. 17-171 |
| | ) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY | |

**ORDER**

AND NOW, this 11th day of May, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court